UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
        v.                              )        Criminal No. 00-0105 (PLF)
                                        )        Civil Action No. 05-0555
BYRON MCDADE,                           )
                                        )
                Defendant.              )
_____ )

MEMORANDUM OPINION AND ORDER

        This matter is before the Court on defendant Byron McDade's amended motion to

vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.  Defendant's motion

presents three claims for relief: (1) the Supreme Court's holding in United States v. Booker, 125

S. Ct. 2738 (2005), renders his sentence unconstitutional; (2) appellate counsel's failure to raise

on appeal an argument under Apprendi v. New Jersey, 530 U.S. 466 (2000), deprived defendant

of the effective assistance of counsel guaranteed by the Sixth Amendment; and (3) trial counsel's

failure to interview witnesses with potentially exculpatory evidence deprived defendant of the

effective assistance of counsel.  Upon consideration of the papers filed by defendant and the

government, the Court finds that defendant is entitled to no relief on his first two claims, and will

deny his motion to vacate his sentence on those grounds without an evidentiary hearing.[1]  The

Court will, however, direct the government to respond to the merits of plaintiff's claim of

ineffective assistance of trial counsel.

_____

        [1]        When "the motion and the files and records of the case conclusively show that the
prisoner is entitled to no relief," the Court may deny a Section 2255 motion without a hearing.
28 U.S.C. § 2255.

I.  BACKGROUND

Defendant was charged with one count of conspiring to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine, beginning on or about January 1, 1994, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii). Trial before a jury commenced on February 4, 2002 and ended on February 25, 2002, during which defense counsel presented no evidence.  The jury returned a verdict of guilty on the sole count.  By statute, defendant was subject to a term of imprisonment of no less than 10 years and no more than life.  See 21 U.S.C. § 841(b)(1)(A).  On May 29, 2002, after hearing arguments pertaining to the relevant sentencing factors, the Court sentenced defendant to 324 months' incarceration, with credit given for time served.[2]

Defendant filed a notice of appeal on June 5, 2002.  In his appellate brief, defendant raised three issues: (1) whether defendant's conviction was supported by sufficient evidence; (2) whether there existed reversible error due to the prosecutor's improper remarks during closing argument; and (3) whether the Court erred in concluding, for purposes of calculating defendant's sentencing range, that defendant's role in the conspiracy was managerial or supervisory.  The United States Court of Appeals for the District of Columbia Circuit affirmed the judgment of the Court.  See United States v. McDade, No. 02-3054, 2003 WL 22204126 (D.C. Cir. Sept. 16, 2003) (per curiam).  Defendant then filed a petition for writ of certiorari with

---

[2]     The Court found by a preponderance of the evidence that the defendant was guilty of conspiracy to distribute over 150 kilograms of a mixture or substance containing cocaine, and that defendant had a managerial or supervisory role in the conspiracy.  The Federal Sentencing Guidelines provided that, with a Criminal History Category of I, defendant's base offense level was 38.  With an upward adjustment of three points for his role as a manager in the conspiracy, defendant's offense level was 41, with a corresponding sentencing range of 324 to 405 months.

the Supreme Court of the United States, which was denied on March 8, 2004.  See McDade v. United States, 541 U.S. 911 (2004).

On March 7, 2005, defendant filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, asserting that the Court's sentence violated defendant's constitutional rights because it was based, in part, on facts not reflected in the jury verdict nor admitted by the defendant; and that defendant was denied effective assistance of counsel in violation of the Sixth Amendment because his counsel on direct appeal failed to challenge the validity of defendant's sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000).  On April 8, 2005, defendant filed an amended motion raising one additional claim: that defendant had been denied the effective assistance of counsel in violation of the Sixth Amendment because his trial counsel had failed to conduct a reasonable pretrial investigation of witnesses with potentially exculpatory information.

## II.  DISCUSSION

### A.  Applicability of Booker

Defendant argues that the Supreme Court's opinion in United States v. Booker, 125 S. Ct. 738 (2005), did not announce a new rule of law, but simply clarified the meaning of the term "statutory maximum," as it was meant in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the *prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. at 490 (emphasis added). Defendant eschews labeling his argument one for the retroactive application of Booker by

arguing that "the [Supreme] Court made it clear that *the statutory maximum for Apprendi*

*purposes* is the maximum sentence a judge may impose solely on the basis of the facts reflected

in the jury verdict or admitted by the defendant."  Amended Motion to Vacate, Set Aside, or

Correct Sentence and Incorporated Memorandum  of Facts and Law ("Am. Mot.") at 19

(emphasis added).  Defendant's sentence thus exceeded the "prescribed statutory maximum"

because it was based in part on facts found by the Court.  The Court is not persuaded by

defendant's argument, which, if not in form, in substance argues for the retroactive application of

Booker.

       Defendant was sentenced, and his conviction became final, after Apprendi but

prior to Booker.[3]  Unless Booker is retroactive, therefore, the law applicable to defendant is that

set forth in Apprendi.  As this Court observed in United States v. Agramonte, 366 F. Supp. 2d 83

(D.D.C. 2005), all the United States courts of appeals that have considered the issue have agreed

that, prior to Booker, federal sentencing enhancements within the Guidelines not exceeding the

statutory maximum and based on facts found by the court by a preponderance of the evidence

rather than by the jury beyond a reasonable doubt do not violate Apprendi.  See id. at 88; United

States v. Fields, 251 F.3d 1041, 1043 (D.C. Cir. 2001) (reiterating a prior holding that "Apprendi

does not apply to sentencing findings that elevate a defendant's sentence *within* the applicable

statutory limits") (emphasis in original).  After considering decisions by other judges on this

Court as well as those by the courts of appeals that have addressed the question, the Court agreed

that "Booker is a 'new rule' that was not dictated by existing precedent" and is not applicable

---

[3]     Apprendi was decided on June 26, 2000 and Booker on January 12, 2005.

retroactively to cases on collateral review.  See United States v. Agramonte, 366 F. Supp. 2d

at 88-89.[4]

Therefore Apprendi provides the appropriate measure of the constitutionality of

defendant's sentence.  Defendant's sentence of 324 months was within the statutory maximum

for the offense of which he was convicted – life in prison, see 21 U.S.C. § 841(b)(1)(A) – and his

federal sentencing enhancements were based on facts legitimately found by the Court.

Accordingly, defendant's sentence does not run afoul of Apprendi, and he is entitled to no relief

on this claim.  See United States v. Fields, 251 F.3d at 1043; United States v. Agramonte, 366 F.

Supp. 2d at 88.

### B.  Ineffective Assistance of Appellate Counsel

Defendant claims that he was denied effective assistance of counsel when his

appellate lawyer failed to challenge his sentence on Apprendi grounds.  The Court analyzes the

claim of ineffective assistance of appellate counsel under the same two-prong test used to

evaluate effectiveness of trial counsel.  See Smith v. Robbins, 528 U.S. 259, 289 (2000).  First,

defendant must show that his counsel's performance fell below an objective standard of

reasonableness.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Counsel must have

"made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment."  Id. at 687.  Because the Court recognizes that

constitutionally effective counsel may choose from a wide range of sound strategy, defendant

---

[4]     In defendant's own words, the Court's inquiry need proceed no further: "[I]f this
court determines that the Booker opinion is a new rule for the court and not a clarification and/or
reaffirming of Apprendi, the court could rule that it does not apply to [defendant]."  Am. Mot. at
21.

must overcome a strong presumption that his counsel did provide effective assistance.  See id. at

689-90.  Second, defendant must show that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at

694.  Because defendant has not satisfied his initial burden under the first prong of the Strickland

test, it is unnecessary for the Court to address the merits of the second prong.

       Defendant argues that existing precedent at the time of his direct appeal "did not

bar reasonable attorney's [sic] from raising the [Apprendi] issue," finding support in the fact that

trial counsel had raised the argument, though unsuccessfully, during sentencing.  Petitioner's

Response to Government's Opposition of Relief Pursuant to 28 U.S.C. § 2255 ("Pet'r's Resp.")

at 12.  While there was certainly no "bar" preventing reasonable attorneys from raising the issue,

the state of the law at the time suggested that it also was reasonable for attorneys not to raise the

issue.  As mentioned previously, from defendant's sentencing until his conviction became final,

all United States courts of appeal — including the Court of Appeals for the District of Columbia

Circuit — held that sentencing enhancements under the Federal Sentencing Guidelines did not

violate Apprendi so long as the final sentence remained within the statutory maximum.  See, e.g.,

United States v. Fields, 251 F.3d at 1043.

       Defendant's appellate counsel apparently considered the effect of legal precedent

when she formulated her strategy:

> Precedent at the time of Mr. McDade's appeal indicated that . . .
> Apprendi did not limit the Court's ability to sentence Mr. McDade
> within the Sentencing Guideline range based on facts not found by
> a jury beyond a reasonable doubt as long as the Court did not
> exceed the statutory maximum sentence allowed for the offense.
> Because Mr. McDade's 324-month sentence was less than the
> statutory maximum (life), in good faith I believed that an Apprendi

> challenge to Mr. McDade's sentence would not have affected the
> outcome of his appeal.

Affidavit of Marcia G. Shein, Esq. at ¶ 5.  Defendant argues that the "subsequent interpretation"

of the sentencing guidelines in <u>Booker</u> demonstrates that "counsel erroneously believe[d] that the

[sic] pursuing the claim would have been futile."  Pet'r's Resp. at 12.  Defendant's argument

reasons from the post-<u>Booker</u> perspective and is tantamount to retroactive application: according

to defendant, because <u>Booker</u> was decided as it was, appellate counsel was unreasonable for

believing that making <u>Booker</u>-like arguments on appeal would have been futile.  As previously

discussed, <u>Booker</u> does not apply retroactively.

Because appellate counsel's decision not to raise the <u>Apprendi</u> issue on appeal

was reasonable considering existing precedent, defendant has failed to show that his appellate

counsel's performance fell below an objective standard of reasonableness.  See <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. at 687-88.

### *C.  Ineffective Assistance of Trial Counsel*

Defendant raises the claim of ineffective assistance of trial counsel in his amended

motion, submitted on April 8, 2005.  Defendant claims that the alleged deficiency satisfies the

two-prong <u>Strickland</u> test: first, trial counsel's failure to contact and present witnesses who had

potentially exculpatory testimony constituted performance that fell below an objectively

reasonable standard; and second, if trial counsel had not committed these errors, a reasonable

probability exists that the jury would have had a reasonable doubt as to defendant's guilt.  The

government argues that defendant's claim is barred by the one-year statute of limitations

established by 28 U.S.C. § 2255.  The government argues further that defendant's claim does not

relate back to his original motion, timely filed on March 7, 2005, and thus cannot be treated as having been filed by that date.  <u>See</u> Government's Opposition to Defendant's Amended Motion to Vacate, Set Aside or Correct Sentence at 4-5.  The government's brief does not address the merits of defendant's claim.

The Court is loathe to dispose of defendant's claim of ineffective assistance of trial counsel on this basis alone when the defendant is serving a very lengthy sentence (324 months) and when his amended motion, if indeed it was untimely, was no more than a month late.[5]  Furthermore, defendant's motion raises troublesome factual allegations about the omissions of his trial counsel – allegations supported by affidavits from defendant's wife as well as three individuals who, it appears, could have provided testimony that might have undermined the credibility of government witness Ernest Minder, whose trial testimony may have contributed to defendant's conviction.  The Court therefore will direct the government to respond to the merits of defendant's claim.

For the foregoing reasons, it is hereby

ORDERED that defendant's motion for relief under 28 U.S.C. § 2255 is DENIED in part.  Defendant is entitled to no relief on his claim under <u>United States v. Booker</u> or his claim of ineffective assistance of appellate counsel; and it is

FURTHER ORDERED that, on or before February 6, 2006, the government shall file a supplemental brief addressing the merits of plaintiff's claim of ineffective assistance of trial

---

[5]     Defendant's attorney represents that defendant's ineffective assistance of trial counsel claim was only inadvertently omitted from the motion timely filed on March 7, 2005. The amended motion was filed after defendant brought the error to his attorney's attention.  <u>See</u> Motion to Amend Motion to Vacate, Set Aside or Correct Sentence (April 8, 2005); Affidavit of Antoini M. Jones (August 22, 2005).

counsel.  The government shall include affidavits from defendant's two trial lawyers, as well as

any other affidavits or evidence it thinks appropriate or necessary to respond to the factual

allegations raised in defendant's amended Section 2255 motion and supporting affidavits.

Defendant shall file his reply, if any, by February 27, 2006.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 4, 2006