## UNITED STATE DISTRICT COURT FOR
## DISTRICT OF COLMUBIA

**Byron MCDADE**
             **Petitioner**

**v.**                                    **Civil No.: 00-0105 (PLF)**

**United States of America**
             **Respondent**


### PETITIONER'S RESPONSE TO RESPONDENT'S
### OPPOSITION TO PETITIONER'S AMENDED
### MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

COMES NOW, Byron L. McDade [hereinafter Petitioner], by and through

undersigned counsel, respectfully proffers to this Honorable Court the

following facts and law in support of Petitioner's reply to Respondent's

Opposition to Petitioner's Amended Motion to Vacate, Set Aside or Correct

Sentence.


### Statement of Facts and Procedural History

In the interest of brevity Petitioner adopts the statement of facts as

illustrated in Petitioner's Amended Motion to Vacate, Set Aside or Correct

Sentence.

**Argument and Law**

In its Reply Brief Respondent contends that the performance of Petitioner's trial counsel, was neither deficient, nor did Petitioner suffer prejudice as a result of trial counsel's omissions. As such, Respondent contends that Petitioner has not met the burden of establishing that counsel's performance was in violation of Petitioner's Sixth Amendment right to effective assistance of counsel as explained in *Strickland v. Washington*, 466 u.s. 668 (1984). However, Respondent's endeavors of advocacy for the reasonableness of trial counsel's performance is futile for numerous reasons.

**A. Deficient Performance**

Respondent assumes the conversations that transpired between Petitioner and the affiants (Mr. Flowers, Mr. Douglas and Mr. Robinson) would not have been admissible if the affiants had taken the stand on Petitioner's behalf.

Assuming, *arguendo*, that the conversations that Petitioner engaged in with Mr. Flowers and Mr. Douglas would have been deemed inadmissible (which is solely a question for the district court), the conversations with Mr. Minder would not have been inadmissible; therefore, the jury would have heard testimony about the contents of Mr. Minder's testimony with these individuals. Therefore, the corroborating testimony of Mr. Flowers and Mr. Douglas (separate and apart from the conversations they had with Petitioner) would have had major impact upon the credibility of Mr. Minder's testimony.

With regards to the conversation in which Petitioner engaged with Mr. Robinson, the availability/admissibility of this testimony is also predicated on whether the district court deems it admissible. Yet, Respondent overlooks the fact that during the course of the trial the Government requested that hearsay testimony/out of court statements be admitted with respect to conversations Ms. Webster allegedly had with Mr. Robinson, in regards to Petitioner. However, as previously noted. Even if the conversation between Petitioner and Mr. Robinson would have been ruled inadmissible, this would not have precluded the jury from hearing the testimony of Mr. Robinson which would have contested the Government's theory of how Petitioner and Ms. Webster became know to one another and thus established a business relationship which initiated the alleged conspiracy.  In regards to the testimony of Ms. Webster (as it relates to Mr. Robinson), that the AUSA emphasized during the trial that through Mr. Robinson, the alleged conspiracy was established through Mr. Robinson. (See Trial Transcripts, February 11, 2002, p.1050-51):

> AUSA: I think its fair: to say that this is outside the beginning of the conspiracy in our indictment. My point is that -- that's not the end of all of the inquiry. Under the *Jackson* case that statement can be a co-conspirator statement and still be admissible under 801(d) even if it's a statement from a different conspiracy that's on trial. My point is I'm trying to show here how Mr. McDade came to join--

> AUSA: Know her (Ms.Webster) and join the conspiracy in 1994. AUSA:..... there's a logical nexus here that shows how the  relationship between Ms. Webster evolved with the defendant McDade from one social encounter at a car wash to drug dealing, and I expect if permitted to continue (with the line of questioning in regards to Mr. Robinson), I will show that McDade became a customer of hers.

Therefore, the admissibility of Petitioner's out of court statements are relevant in this regard because the jury would have been precluded from hearing the essential portions of the affiants testimony as that testimony is

related to Mr. Minder and Ms. Webster, respectively.

The Respondent also failed to secure the affidavit from Petitioner's trial counsel, as mandated by the district court and as such the Respondent can only hypothesize about the  reasonableness of counsel's investigation or lack thereof. Respondent has produced no facts (other than conclusory allegations) to base the reasonableness of counsel's investigation. Throughout the course of the response, Respondent continually makes conclusory allegations as to the reasonableness of counsels performance as it relates to the case:

### 1. Theory

Petitioner has at no point questioned the strategy of trial counsel. Petitioner only takes issue with counsel's inadequate efforts to interview - witnesses (who were readily available) to support that strategy. Respondent has submitted no documentation which would suggest that counsel attempted to contact any, witness or interviewed the witness so that counsel could make a reasonable decision as to whether the witness's information either hindered or assisted counsels theory of the case.

### 2. Cross-Examination

Respondent suggests that counsel would not have been able to conduct lengthy  and vigorous cross-examinations of the government witnesses without having conducted a reasonable investigation.  This contention is erroneous. Petitioner has not alleged that counsel's performance was deficient in all respects. Consistent with the ineffective claim that Petitioner asserts, the focus is on counsel's failure to interview witnesses who would have further undermined the testimony and credibility of the Government's main witnesses and possibly led to Petitioner's acquittal. Counsel undoubtedly identified vulnerabilities in the testimony of the prosecutions witnesses, yet he presented no testimony (that was readily available) to affirmatively counter the prosecution witnesses, i.e., witnesses who would have given the jury even further reasons to doubt the testimony of Mr. Minder and a witness who would have called into question the Government's theory of the circumstances which led to Petitioner and Ms. Webster becoming alleged co-

conspirators. Counsel's representation of Petitioner might well have been conscientious and effective in other respects, and generally the courts are obliged to consider counsel's performance as a whole. See *Miller v. Anderson*, 255 F.3d 455,458-59 (7th Cir.2001). But the possibility that counsel was competent in some aspects of his lawyering by no means rules out the possibility that his failure to investigate potentially exculpating defense witnesses amounted to constitutional ineffectiveness. See *Bryant v. Scott*, 28 F.3d 1411,1418-19 (5th Cir.1994).

### 3. Tactical decision not to call readily available witnesses

There is no merit to Respondent's contention that counsel's decision not to call any of the readily available witnesses for the defense was based on a reasonable tactical decision.

First, the Respondent has provided absolutely no proof (from counsel) that counsel conducted any investigation in order for counsel to reach a conclusion that it would be a tactical decision not to call any of the readily available witnesses. Nor has any proof been submitted that counsel made a rational decision that an investigation was unnecessary.

Second, Respondent correctly notes that in accordance with the law of the Circuit, the complete failure to investigate potentially corroborating witnesses can hardly be considered a tactical decision. See *United States v. Debango*, 780 F.2d 81,85 (D.C. Cir.1986); *Thomas v. Lockhart*, 738 F.2d 304,308 (8th Cir.1984)(same); *Crisp v. Duckworth*, 743 F.2d 580,584 (7th Cir.1984)(same). The Respondent is requesting that this Court make a ruling clearly contrary to the law of the Circuit, and the law of other Circuits as well without offering this Court any tangible reason upon which such a ruling should be made.

### B. Prejudice

In regards to the prejudice prong of *Strickland*, Respondent's

contention that counsel's omissions did not potentially affect the outcome of the proceedings clearly lack merit and must fail as well.

Respondent attempts to devalue the potential testimonial of the defense witnesses as futile. Given the role that Mr. Minder and Ms. Webster played in the Government's case in chief, counsel's failure to investigate witnesses to rebut the testimony of these individuals likely affected the outcome of the trial.

The principle purpose of the corroborating testimony of Mr. Flowers and Mr. Douglas would have been predominantly used to further impugn the testimony of Mr. Minder. Through cross-examination counsel had already laid the foundation that Mr. Minder's credibility was controvertible due to Mr. Minder's numerous inconsistencies in his testimony. The testimony of the affiants, Mr. Flowers and Mr. Douglas, would have buttressed the foundation that counsel had laid through the cross-examination that Mr. Minder was an unreliable witness. Mr. Minder's statements to the affiants that he did not know Petitioner were not motivated out of fear.  The Respondent's contention that Mr. Minder denied knowing Petitioner out of fear for his for safety is frivolous.  Further, this should be a jury question.

Respondent's endeavor to minimize the potential testimony of Mr. Robinson by claiming that Mr. Robinson's testimony would have been limited to denying that he bought cocaine from Ms. Webster in the early 1990's and provided it to Petitioner. As detailed, _infra_, Respondent failed to mention the fact that it was the Government's theory that Mr. Robinson provided the nexus with which the conspiracy became intertwined (See Trial Transcripts, February 11, 2002. p.1048-83.  The Respondent overemphasizes the fact that Mr. Robinson was incarcerated during periods of the alleged conspiracy. The most significant aspect of Mr. Robinson's testimony is that it subverts the Government's theory as to how Petitioner and Ms. Webster alleged relationship began. Had the credibility in the establishment of the alleged relationship between Petitioner and Ms. Webster been controverted, it would have provided the jury with a reason to question the testimony of Ms. Webster as it related to Petitioner's other acts and duties as alleged in the conspiracy.

In summation, Petitioner was prejudiced by counsels failure to investigate witnesses who were readily available and whose testimony would have had a monumental effect on the testimonial and evidentiary picture at trial. See e.g. *Williams v. Washington*, 59 F.3d 673,682 (7th Cir.1995); *Nealy v. Cabana*, 764 F.2d 1173,1178-/9 (5th Cir.1~85); *United States v. Gray*,878 F.2d 702,713-14 (3rd Cir.1989); *Code v. Montgomery*, 799 F.2d 1481,1484 (11th Cir.1986). A diligent attorney would have made an effort to contact such witnesses, and upon learning what they had to say, surely would have put them on the witness stand to testify on Petitioner's behalf. Although it may be difficult to say that it is more likely than not that Petitioner would have been acquitted had such witnesses been presented, his chances of acquittal with the support of those witnesses certainly would have been better than negligible and *Strickland* does not require certainty or even a preponderance of the evidence that the outcome would have been different with effective assistance of counsel; it requires only a reasonable probability that that is the case. The Government's case, although sufficient to convict Petitioner was not so overwhelming or compelling (as Respondent claims) that the outcome of the trial was a foregone conclusion due to the fact that the gist of the Government's evidence was based on the testimonial credibility of its witnesses (including Mr. Minder and more importantly Ms. Webster) and had counsel presented the potential witnesses the testimonial credibility of these witnesses would have been called in to question.

**RELIEF SOUGHT,** for the foregoing reasons, i.e., Respondent's failure to secure the requested affidavit from trial counsel and Respondent's failure to demonstrate that counsel's performance was not deficient and prejudicial, Petitioner would respectfully request that this Honorable Court vacate the conviction for the conspiracy offense and grant a new trial.

Respectfully submitted,


/s/Antoini M. Jones, Esquire
Antoini M. Jones, Esquire
6811 Kenilworth Avenue
Suite 210
Riverdale, Maryland 20737
(301) 277-0770


## CERITIFCATE OF SERVICE

I HEREBY CERTIFY that, on this 27th day of February 2006, copies of the foregoing Petitioner's Amended Response to Respondent's Opposition to Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence was mailed postage pre-paid to Janice Traver, Esquire 555Fourth Street, NW, 10th Floor, Washington, DC 20530.



/s/Antoini M. Jones, Esquire
Antoini M. Jones, Esquire