UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 00-0105 (PLF) Civil Action No. 05-0555 |
| BYRON MCDADE, | ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on the one remaining issue raised in defendant Byron McDade's amended motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, and the supplemental filings of the parties. Defendant's motion originally raised three claims: (1) that the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), renders his sentence unconstitutional; (2) that appellate counsel's failure to raise on appeal an argument under Apprendi v. New Jersey, 530 U.S. 466 (2000), deprived defendant of the effective assistance of counsel guaranteed by the Sixth Amendment; and (3) that trial counsel's failure to interview witnesses with potentially exculpatory evidence deprived defendant of the effective assistance of counsel at trial.

      Upon consideration of the papers filed by counsel for the defendant and the government, the Court issued a Memorandum Opinion and Order on January 5, 2006, finding that the defendant was entitled to no relief on his first two claims. It therefore denied his motion to vacate his sentence on those grounds without an evidentiary hearing. See January 5, 2006 Memorandum Opinion and Order. The Court, however, directed the government to respond to

the merits of plaintiff's claim of ineffective assistance of trial counsel. Specifically, the Court directed the government to file a supplemental memorandum addressing this claim and to include affidavits from defendant's two trial lawyers, as well as any other evidence it thought appropriate or necessary. See id. at 9.

The government filed a supplemental opposition to defendant's amended motion to vacate, set aside or correct his sentence on February 6, 2006, to which the defendant has filed a response. The government did not, however, include affidavits from defendant's two trial lawyers, Larry Nathans and Robert Biddle, as the Court had requested. The government stated as follows:

> Through conversations with Mr. Nathans, the United States' understanding is that Mr. Nathans does not wish to submit an affidavit, but will testify if subpoenaed to appear for an evidentiary hearing on Defendant's Amended Section 2255 motion. From those conversations, the United States also understands that Mr. Biddle had a limited role in handling Defendant's case (though he did participate in the trial), and thus would have very little to assert in an affidavit or at an evidentiary hearing. Accordingly, the United States has not submitted affidavits with this supplemental brief.

Government's Supplemental Opposition to Defendant's Amended Motion to Vacate, Set Aside or Correct Sentence at 11 n. 9.

I.  BACKGROUND

Defendant was charged with one count of conspiring to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine, beginning on or about January 1, 1994, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii). Trial before a jury commenced on February 4, 2002 and ended on February 25, 2002, during

which counsel for the defendant presented no evidence but actively engaged in the cross-examination of government witnesses. The jury returned a verdict of guilty on the sole count. By statute, defendant was subject to a term of imprisonment of no less than 10 years and no more than life. See 21 U.S.C. § 841(b)(1)(A). On May 29, 2002, after hearing arguments pertaining to the relevant sentencing factors, the Court sentenced defendant to 324 months' incarceration, with credit given for time served.[1]

The defendant filed a notice of appeal on June 5, 2002. In his appellate brief, defendant raised three issues: (1) whether defendant's conviction was supported by sufficient evidence; (2) whether there existed reversible error due to the prosecutor's improper remarks during closing argument; and (3) whether this Court erred in concluding, for purposes of calculating defendant's sentencing range, that defendant's role in the conspiracy was managerial or supervisory. The United States Court of Appeals for the District of Columbia Circuit affirmed the judgment of the Court. See United States v. McDade, No. 02-3054, 2003 WL 22204126 (D.C. Cir. Sept. 16, 2003) (per curiam). Defendant then filed a petition for writ of certiorari with the Supreme Court of the United States, which was denied on March 8, 2004. See McDade v. United States, 541 U.S. 911 (2004).

On March 7, 2005, defendant filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, asserting that the Court's sentence violated defendant's

---

[1] The Court found by a preponderance of the evidence that the defendant was actively involved in a conspiracy to distribute over 150 kilograms of a mixture or substance containing cocaine, and that defendant had a managerial or supervisory role in the conspiracy. The Federal Sentencing Guidelines provided that, with a Criminal History Category of I, defendant's base offense level was 38. With an upward adjustment of three points for his role as a manager in the conspiracy, defendant's offense level was 41, with a corresponding sentencing range of 324 to 405 months.

constitutional rights because it was based, in part, on facts not reflected in the jury verdict nor admitted by the defendant; and that defendant was denied effective assistance of counsel in violation of the Sixth Amendment because his counsel on direct appeal failed to challenge the validity of defendant's sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000).  On April 8, 2005, defendant filed an amended motion raising one additional claim: that defendant had been denied the effective assistance of counsel in violation of the Sixth Amendment because his trial counsel had failed to conduct a reasonable pretrial investigation of witnesses with potentially exculpatory information.

## II.  DISCUSSION

The defendant argues that his lawyer failed to interview three readily available witnesses made known to him by his client who could provide exculpatory evidence.  Defendant claims that the alleged failure to interview these witnesses satisfies the two-prong Strickland test: first, trial counsel's failure to contact and present these witnesses, who allegedly had potentially exculpatory testimony, constituted performance that fell below an objectively reasonable standard; and second, if trial counsel had not committed these unprofessional errors, a reasonable probability exists that the result of the trial would have been different.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984); see United States v. Toms, 396 F.3d 427, 432 (D.C. Cir. 2005).  Defendant's motion is accompanied by affidavits from defendant's wife, as well as from the three individuals whom he says could have provided testimony that might have undermined the credibility of government witnesses Ernest Minder and Phyllis Webster, whose trial testimony may have contributed to defendant's conviction.  Specifically, David Flowers and Rodney

Douglas aver in their affidavits that they met Earnest Minder at the D.C. Jail and that Minder said he did not know the defendant. Kent Robinson in his affidavit states that he has never been involved in or seen drug transactions involving Phyllis Webster and the defendant.

Although the Court has reviewed relevant portions of the trial transcript, including the testimony of Mr. Minder, the record on this motion consists of four affidavits from the defendant and none from the government. A motion based on asserted ineffective assistance of counsel sometimes can be decided without an evidentiary hearing, see United States v. Weaver, 234 F.3d 42, 46 (D.C. Cir. 2000); United States v. Sayan, 968 F.2d 55, 66 (D.C. Cir. 1992), and the Court might have been able to do so in this case on the basis of the trial transcript, its own recollection of the trial and the credibility of witnesses, and affidavits from Mr. Nathans and Mr. Biddle (depending, of course, on what they said). Without such affidavits, however, it is impossible to know whether trial counsel knew of the existence of these witnesses, whether they tried to contact them and, if not, why not, and whether they made a conscious decision not to put them on the witness stand at trial. Without affidavits, how can the Court determine whether counsel acted reasonably and whether the decisions made were or were not the result of sound strategy? See Strickland v. Washington, 466 U.S. at 689-90. In the circumstances, an evidentiary hearing seems essential.

Counsel for the government and for the defendant are directed to confer and agree upon a time period for an evidentiary hearing, and they must propose a number of alternative dates far enough in the future so that the government can make arrangements for the defendant to be returned to the District of Columbia by writ. The dates proposed also must be ones on which Messrs. Nathans and Biddle and any other witnesses either side wishes to call are available to

testify.[2] Counsel shall also agree upon whether any supplemental memoranda need be filed in advance of the evidentiary hearing. The Court is available for an evidentiary hearing on July 23, 24, 27 and 31, and on August 1, 2 and 3. Accordingly, it is hereby

ORDERED that counsel for the government and counsel for the defendant shall meet and confer and file a joint report and proposed schedule with the Court on or before May 18, 2007.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 3, 2007

---

[2] Defense counsel, for example, may wish to call as witnesses the defendant, his wife, and Messrs. Flowers, Douglas and Robinson.